UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ILIA PLIEV,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04011-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner seeks release, arguing his re-detention "[w]ithout a [h]earing [v]iolated [d]ue [p]rocess." (Dkt. No. 8 at 4.) For the reasons discussed herein, the petition is GRANTED.

Petitioner entered the United States on December 19, 2023, was detained by United States Customs and Border Protection, and then released on an Order of Release on Recognizance ("OREC"). (Dkt. Nos. 6 at 2; 7-3 at 2–4.) As part of his release, Petitioner was enrolled in the Alternatives to Detention ("ATD") program and was subject to reporting conditions. (*Id.*) The failure to comply with the ATD program would result "in a redetermination of [his] release conditions ***or*** [his] arrest and detention. (Dkt. No. 7-3 at 2)

(emphasis added). Petitioner then filed for asylum and withholding of removal on January 10, 2024, which remains pending. (Dkt. Nos. 1 at 2; 7-1 at 3.) Prior to his detention, his next immigration court hearing was scheduled for February 23, 2028. (Dkt. No. 7-1 at 3.) After his detention, Petitioner was scheduled for a master calendar hearing on October 14, 2026, and a second master calendar hearing on November 4, 2026. (Dkt. Nos. 1 at 2; 6 at 3.)

Petitioner remained at liberty for over two years until September 29, 2026, when he was detained during a truck inspection while working as a commercial truck driver. (Dkt. No. 7-1 at 3–4.) Immigration and Customs Enforcement ("ICE") and Removal Operations ("ERO") canceled his ATD and subsequently detained him because ERO determined he failed to comply with his immigration check-ins for over 90 days. (Dkt. Nos. 7-1 at 3–4; 6 at 2–3.) Petitioner is currently detained at the Northwest ICE Processing Center. (Dkt. No. 6 at 3.)

Respondents argue Petitioner is subject to 8 U.S.C. § 1225(b)(2)(A) but acknowledge this Court has previously found that a noncitizen "re-detained after release on OREC is not subject to detention under 8 U.S.C. § 1225(b)(2)(A)." (Dkt. No. 5 at 5 n.2.) As it has done in numerous other cases, the Court again rejects Respondents' argument. The facts presented in this case are similar to those found in its prior rulings and Respondents offer no basis to deviate from those rulings. *See, e.g.*, *Carrion Vera v. Mullin*, Case No. 2:26-cv-01617-DGE, 2026 WL 1649011, at *2–3 (W.D. Wash. June 8, 2026); *Abraham v. Noem*, Case No. 2:26-cv-00823-DGE, 2026 WL 904677, at *2–3 (W.D. Wash. Mar. 2, 2026); *Rana v. Bondi*, Case No. 2:26-cv-00268-DGE, 2026 WL 445049, at *2–3) (W.D. Wash. Feb. 17, 2026); *C.W.M. v. Hermosillo*, Case No. 2:25-cv-02688-DGE, 2026 WL 183587, at *2–3 (W.D. Wash. Jan. 23, 2026). For the reasons identified in the Court's previous rulings, the Court finds Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225.

In addition, Respondents' re-detention of Petitioner without notice and a pre-deprivation hearing before a neutral decision maker violates due process. *See Mathews v. Eldridge*, 424 U.S. 319 (1976). First, having been released on an OREC for over two years, Petitioner maintained a clear private interest in his liberty. Second, there is a high risk of erroneous deprivation as, despite the alleged violation of Petitioner's previously issued OREC, Respondents offer no evidence Petitioner's re-detention was the result of emergent circumstances that militated against scheduling a pre-deprivation hearing. *See Carrion Vera*, 2026 WL 1649011, at *5 (releasing Petitioner who was re-detained after alleged ATD violations, in part, because Respondents did not prove that his circumstances urgently required arrest). All that is provided are allegations that Petitioner violated his terms of ATD release, allegations which Petitioner explains he believed to be complying with. (Dkt. No. 1 at. 2–3.)[1] Moreover, the immigration court necessarily determined Petitioner was not a flight risk or a danger to the community as he was allowed to participate in removal proceedings while at liberty. And it does not follow that the immigration court would automatically determine Petitioner a flight risk or danger to the community based on ADT violations; by the OREC's own terms, whether to arrest and detain Petitioner due to an alleged ADT violation remained discretionary, not mandatory. Third, there is no indication that providing Petitioner with notice and an opportunity to be heard would have impaired the government's interest in attempting to remove Petitioner or in protecting the community. Having considered and weighed the *Mathews*' factors, the Court concludes Petitioner's re-detention without notice and a pre-deprivation hearing violated due process.

[1] *See Palacios v. Hermosillo*, Case No.2:26-cv-00491-JNW, 2026 WL 686138, at *7 (W.D. Wash. Mar. 11, 2026) (noting that factual disputes concerning whether an individual complied with the terms of an ATD program "should be resolved at a pre-deprivation hearing, rather than resolved after the fact" by a court) (citation omitted).

As for Respondents' argument that because Petitioner has not had a bond hearing his relief should be limited to a post-deprivation bond hearing (Dkt. No. 5 at 5), an offer of a post-deprivation hearing does not cure the violation of Petitioner's due process rights. A "post-deprivation hearing cannot serve as an adequate procedural safeguard because [it occurs] after the fact and [thus] cannot prevent an erroneous deprivation of liberty." *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

Accordingly, the Court GRANTS Petitioner's writ of habeas corpus (Dkt. No. 1) and ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) day** of this Order. Petitioner shall be subject to the same conditions previously governing his release.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of a neutral decisionmaker.
3. Respondents SHALL confirm on the docket that Petitioner has been released from custody within FORTY-EIGHT (48) HOURS of this ORDER.
4. Having ordered Petitioner released, his request not to transfer him outside of the District while detained is moot.

The Clerk is directed to calendar this event and close the matter.

Dated this 25th day of November, 2026.

David G. Estudillo

United States District Judge